**IN RE APPEAL OF CONE MILLS CORP.**

[112 N.C. App. 539 (1993)]

IN THE MATTER OF THE APPEAL OF CONE MILLS CORPORATION

No. 9210PTC1053

(Filed 2 November 1993)

**Taxation § 25 (NCI3d)— textile plant closed—equipment and machinery sold—property subject to ad valorem taxation**

Where taxpayer closed one of its textile manufacturing plants and sold the equipment and machinery, the equipment and machinery were not inventory held for sale in the regular course of business by a wholesale merchant, and the property therefore was not excluded from ad valorem taxation.

**Am Jur 2d, State and Local Taxation §§ 354-361.**

Appeal by taxpayer from a final decision of the North Carolina Property Tax Commission denying taxpayer's application for exclusion of personal property from *ad valorem* taxation. Heard in the Court of Appeals 30 September 1993.

Taxpayer, Cone Mills Corporation, is engaged in a variety of business activities in North Carolina, including the manufacture of textiles. Taxpayer's sales of textile products generate annual gross revenues in the range of $500 million to $750 million. In November 1988, taxpayer closed one of its plants, and the textile manufacturing equipment and machinery, which was no longer in use at the plant, was sold by the taxpayer.

On 21 March 1990, the Guilford County Board of Equalization and Review denied taxpayer's request to classify the personal property as inventory and imposed an *ad valorem* tax on the sale of the property. Taxpayer appealed to the Property Tax Commission which affirmed the decision of the Guilford County Board of Equalization and Review. Taxpayer appealed.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Edward C. Winslow III and Robert J. King III, for the taxpayer-appellant.*

*Guilford County Attorney's Office, by County Attorney Jonathan V. Maxwell and Deputy County Attorney Gregory L. Gorham, for the taxing authority-appellee.*

WELLS, Judge.

According to N.C. Gen. Stat. § 105-274:

(a) All property, real and personal, within the jurisdiction of the State shall be subject to taxation unless it is:

(1) Excluded from the tax base by a statute of statewide application enacted under the classification power accorded the General Assembly by Article V, § 2(2), of the North Carolina Constitution, or

(2) Exempted from taxation by the Constitution or by a statute of statewide application enacted under the authority granted the General Assembly by Article V, § 2(3), of the North Carolina Constitution.

N.C. Gen. Stat. § 105-275(34) designates inventories "owned by retail and wholesale merchants" as a special class of property which "shall not be listed, appraised, assessed, or taxed." Inventories are defined as "goods held for sale in the regular course of business by manufacturers, retail and wholesale merchants, and contractors." N.C. Gen. Stat. § 105-273(8a). Wholesale merchant is defined as

a taxpayer who is regularly engaged in the sale of tangible personal property, acquired by a means other than manufacture, processing, or producing by the merchant, to other retail or wholesale merchants for resale or to manufacturers for use as ingredient or component parts of articles being manufactured for sale.

N.C. Gen. Stat. § 105-273(19).

Taxpayer argues that because it sells its used machinery and equipment from time to time the sale of its machinery and equipment meets all the requirements set forth above and is therefore excluded from taxation. We do not agree.

The scope of appellate review of cases from the Property Tax Commission is set by N.C. Gen. Stat. § 105-345.2, which provides in pertinent part:

(b) So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commis-

## IN RE APPEAL OF CONE MILLS CORP.

[112 N.C. App. 539 (1993)]

sion, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

. . .

(4) Affected by other errors of law; or

(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

(6) Arbitrary or capricious.

(c) In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party and due account shall be taken of the rule of prejudicial error.

This statutorily mandated standard of review is known as the "whole record test." In applying this standard of review, this Court is not permitted to replace the Property Tax Commission's judgment with its own judgment even when there are two reasonably conflicting views. *In re Appeal of Perry-Griffin Foundation*, 108 N.C. App. 383, 424 S.E.2d 212, *rev. denied*, 333 N.C. 533, 429 S.E.2d 561 (1993). "The whole record test is not a tool of judicial intrusion; instead it merely gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence." *Rainbow Springs Partnership v. County of Macon*, 79 N.C. App. 335, 339 S.E.2d 681, *rev. denied*, 316 N.C. 734, 345 S.E.2d 392 (1986) (*quoting In re Rogers*, 297 N.C. 48, 253 S.E.2d 912 (1979)). In reviewing whether the whole record fully supports the Commission's decision, this Court must evaluate whether the Commission's decision is supported by substantial evidence. If substantial evidence is found, this Court cannot overturn the Property Tax Commission's decision. *Id.*

The dispositive question on appeal is whether the taxpayer is a wholesale merchant of inventories as defined by N.C. Gen. Stat. § 105-273(8a) and (19). The statutory language of The Machinery Act provides us with the clearest guidance in resolving this question.

To resolve this question we ask: What was the primary purpose for which taxpayer acquired the property? If the taxpayer

IN RE APPEAL OF CONE MILLS CORP.

[112 N.C. App. 539 (1993)]

acquired the equipment and machinery for the primary purpose of using it in the manufacture of textiles, then the equipment and machinery are not goods held for sale in the regular course of business by a wholesale merchant. If the taxpayer acquired the property for the primary purpose of resale, then the property would be excluded from *ad valorem* taxation.

Taxpayer admits that the primary purpose for which it purchased the machinery and equipment was for use in its manufacture of textiles. Only when the taxpayer no longer used the machinery and equipment in its textile business did taxpayer offer it for sale. Taxpayer's annual revenues generated from the sale of used equipment and machinery totaled approximately $200,000, whereas taxpayer's annual gross revenues from the manufacture of textiles totaled approximately $500 million.

After reviewing the whole record, we conclude that the Property Tax Commission's decision was supported by substantial evidence. Taxpayer acquired the property primarily for use in its manufacture of textiles and only held the goods for sale after the property was no longer useful in taxpayer's textile business. The equipment and machinery at issue were not inventory held for sale in the regular course of business by a wholesale merchant. Consequently, the property is not excluded from *ad valorem* taxation and the decision of the Property Tax Commission is

Affirmed.

Judges LEWIS and MARTIN concur.